Eastern District of Kentucky
F I L E D
JAN 0 6 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

DARYL ANDRA NICKERSON, )
)
Petitioner, ) Case No. 0:19-cv-080-HRW
)
v. )
)
JASON STREEVAL, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Daryl Andra Nickerson is a federal prisoner. Proceeding without a lawyer, Nickerson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No 1]. Nickerson claims that his 2013 conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Respondent, represented by the U.S. Attorney's Office, responded to Nickerson's petition [D. E. No. 12], and Nickerson's time to file a reply brief has now passed. Thus, this matter is ripe for a decision from this Court. Ultimately, Nickerson has failed to demonstrate that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. As a result, the Court will deny his petition.

In November 2013, Nickerson pled guilty in federal court to conspiracy to distribute heroin, money laundering, and being a felon in possession of a firearm. *See United States v. Daryl A. Nickerson*, No. 1:13-cr-356-NCT-1 (M.D.N.C. 2013). The Government filed a factual basis in support of Nickerson's guilty plea in which it pointed out that he had also been convicted in 1997 of being a felon in possession of a firearm. *See id.* at D. E. No. 60. Nickerson's Presentence Report (PSR) also noted that he had multiple prior felony convictions, including his 1997 felon-in-possession conviction, as well as earlier felony convictions for voluntary manslaughter and breaking and entering a motor vehicle. *See id.* at D. E. No. 96 at ¶¶ 30, 52-53, 72 (also filed in this case at D. E. No. 14). Nickerson agreed with the PSR, except for an unrelated objection to a leadership role enhancement. *See id.* at D. E. Nos. 97, 98 (also filed in this case at D. E. Nos. 14-1 and 14-2). Ultimately, the district court resolved the leadership enhancement issue and sentenced Nickerson to a total of 188 months in prison. *See id.* at D. E. No. 129. Nickerson did not appeal, and he did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

That said, Nickerson now pursues relief via § 2241. Nickerson suggests that his 2013 conviction for being a felon in possession of a firearm is no longer valid because of the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2191. Thus, Nickerson asks this Court to vacate that conviction. [*See* D. E. No. 1 at 8].

Nickerson's petition, however, constitutes an impermissible collateral attack on his underlying conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Nickerson cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

3

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Nickerson has not met all of these requirements. Even assuming, without deciding, that the first three *Wooten* elements are satisfied in this case, Nickerson still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status— meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner). Here, given Nickerson's undisputed criminal history, he has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon when he possessed the firearm in question. If anything, Nickerson's extensive criminal history, including his multiple prior felony convictions dating back decades, undercuts the implication that he somehow did not know that he was a felon at the time he possessed the firearm in question. *See also Walker v. Quintana*, No. 5:19-cv-321-DCR, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (reaching this conclusion in a similar § 2241 case). For this reason, as well as the persuasive reasons put forth by the United States in its response brief [D. E. No. 12 at 4-5], Nickerson has not shown that he is entitled to relief under *Wooten*.

Accordingly, it is **ORDERED** as follows:

1. Nickerson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 6th day of ~~December, 2019.~~ January, 2020



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**